# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICROSOFT CORPORATION,<br><br>　　　　　　　　　Plaintiff,<br><br>vs.<br><br>BUY CHEAP SOFTWARE, INC., a California corporation, d/b/a BUYCHEAPSOFTWARE.COM; SOFTMAN PRODUCTS, LLC, a California limited liability company; and JONATHAN DRACUP, an individual,<br><br>　　　　　　　　　Defendants. | Case No.: 2:15-cv-07192-GW (JEMx)<br><br>STIPULATED PROTECTIVE ORDER |

This Protective Order shall apply to all information produced by any party or third party (each of which shall be construed as a "party" for purposes of this order) and so designated by a party pursuant to interrogatories, depositions, requests for production of documents, requests for admissions or other discovery requests (whether formal or informal), including subpoenas, and all information provided by any party in connection with any pre-trial evidentiary hearings or other pre-trial proceedings conducted during the course of this action.

## CONFIDENTIAL AND ATTORNEYS' EYES ONLY INFORMATION

1. Any party producing or disclosing information in this action may designate such information as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by designating them in the manner set forth in paragraph 2 below. The designation of information as "CONFIDENTIAL" shall be limited to information which the disclosing party in good faith believes contains trade secret or other confidential research, confidential development or confidential commercial information. The designation of information as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall be limited to extremely sensitive trade secret or other confidential research, development or commercial information which the disclosing party in good faith believes will result in competitive disadvantage if disclosed to another party to this action. Information designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" may only be used and disclosed as set forth in paragraphs 3 to 8 below. However, the parties reserve their rights to challenge any such designations in accordance with the provisions of this order.

## MANNER OF DESIGNATION OF MATERIALS

2. A party may designate materials as "CONFIDENTIAL" or "CONFIDENTIAL --ATTORNEYS' EYES ONLY" in the following manner:

(a) <u>Documents or Things.</u> "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" treatment may be obtained by affixing the legend "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" on the particular document or thing.

(b) <u>Interrogatories and Requests for Admissions.</u>  In answering any interrogatory, request for admission, or part thereof, a party may designate its answer as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by affixing thereto the legend "CONFIDENTIAL" or "CONFIDENTIAL-- ATTORNEYS' EYES ONLY."  Such "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" answers shall be made on separate pages from any other answers or portions thereof that are not designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY."

(c) <u>Testimony.</u>  Any party giving, or who gave, testimony in this action, including but not limited to deposition testimony, may obtain "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" treatment therefor by designating, during the course of that testimony, for which "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" treatment is desired, which testimony is claimed to be CONFIDENTIAL or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY."  The reporter shall separately transcribe and bind the testimony so designated as "CONFIDENTIAL" and "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" and shall mark the face of the separate bound transcript containing such testimony with the term "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY."  A party also may make the above-referenced designation of confidentiality in writing and within 15 days of the receipt by said party of the transcript of said testimony.  In that event, said portion of the transcript will be treated as confidential under the provisions of this order, except that it will not be separately bound.  If, during the

course of testimony, any party reasonably believes that the answer to a question will result in the disclosure of "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information, all persons other than those persons entitled to receive such information pursuant to paragraphs 4 and 5 hereof shall be excluded from the room in which the testimony is given.

RESTRICTIONS ON DISCLOSURE OF DESIGNATED MATERIALS

3. Any information produced in discovery by any party in this action (whether in response to a formal or informal discovery request or in correspondence between the parties), whether or not designated "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" may only be used by the recipient of such information in connection with the preparation and trial of this action, and for no other purpose. As used herein, the phrase "preparation for trial and trial of this action" shall mean preparation for, participation in and prosecution and defense of any motion, trial, appeal, hearing, review, or other judicial proceeding in the above-entitled action.

4. Except by prior order of this Court after notice to the producing party's counsel, information designated as "CONFIDENTIAL" shall not be disclosed to any person other than:

(a) the attorneys of record herein for the parties and those of their partners, associates, document clerks and paralegals employed by said attorneys who are assigned to and necessary to assist such attorneys in the preparation for trial and trial of this action;

(b) secretaries, stenographers, and other office or clerical personnel employed by said attorneys and who assist them with respect to this action;

(c) parties, officers or employees of the parties, to the extent deemed necessary by their respective attorneys of record for the preparation for trial and trial of this action;

(d) such other persons as may be consented to by the party designating such information as "CONFIDENTIAL" information;

(e) outside litigation support vendors, including commercial photocopying vendors, scanning services vendors, coders and keyboard operators who have first executed an Assurance of Compliance in the form attached hereto as Exhibit A;;

(f) independent outside consultants or experts retained by the attorneys of record to assist in this action, to the extent deemed necessary by said attorneys for the preparation for trial and trial of this action and who have first executed an Assurance of Compliance in the form attached hereto as Exhibit A;

(g) non-party fact witnesses who are in good faith intended to be called at trial and who have first executed an Assurance of Compliance in the form attached hereto as Exhibit A.  If the attendance of a non-party fact witness at a deposition can only be obtained through compulsory process, the witness need not execute an Assurance of Compliance, provided that: (i) the witness acknowledges his obligation to maintain the confidentiality of "CONFIDENTIAL" information under oath; and (ii) such "CONFIDENTIAL" information may only be shown to the witness during the deposition; and

    (h)  the Court (including the Court having jurisdiction of any appeal) and any of its employees.

  5.  Except by prior order of this Court after notice to the producing party's counsel, information designated as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall not be disclosed to any person other than:

    (a)  the attorneys of record herein and any in-house counsel for the parties (excluding any attorney who is an officer, director, shareholder or employee of any party or its corporate affiliates) and those of their partners, associates, document clerks and paralegals employed by said attorneys who are assigned to and necessary to assist such attorneys in the preparation for trial and trial of this action.

    (b)  secretaries, stenographers and other office or clerical personnel employed by said attorneys and who assist them with respect to this action;

    (c)  such other persons as may be consented to by the party designating such information as "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" information;

    (d)  outside litigation support vendors, including commercial photocopying vendors, scanning services vendors, coders and keyboard operators who have first executed an Assurance of Compliance in the form attached hereto as Exhibit A;

    (e)  independent outside consultants or experts retained by the attorneys of record to assist in this action, to the extent deemed necessary by said attorneys for the preparation for trial and trial of this action and who have first executed an Assurance of Compliance in the form attached hereto as Exhibit A; and

(f) the Court (including the Court having jurisdiction of any appeal) and any of its employees.

6. Each person to whom information designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" is disclosed, other than the Court, shall be informed of the terms of this Order and agree to be bound by it before disclosure to such person of any such information.

(a) Counsel shall maintain complete lists identifying all persons to whom any information designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" is disclosed and the documents or other information so disclosed, and also shall maintain the written agreements required by paragraphs 4(f), 4(g), 5(d) and 5(e). Such lists and agreements shall be available for inspection by counsel for the other party upon request, except that agreements executed by consulting non-testifying experts need not be disclosed or made available for inspection.

7. The failure of any party to object to the designation of information as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall not be deemed an admission that such information qualifies for such designation.

8. Nothing contained in this Protective Order shall restrict or prevent any party to this action from disclosing or otherwise using its own documents and information which that party produces or discloses in this action. The failure of a party producing information to designate such information "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" shall not preclude such party from either (a) subsequently designating the material as such, if the initial failure to

do so was inadvertent, in which case the terms of this order shall apply to that document once such designation is made, or (b) applying to the Court for the entry of a Protective Order.  Nor shall this Protective Order preclude any party from objecting to the production of information on the ground of undue burden, relevance or any other ground permitted under pursuant to applicable statutory and case law.

<u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

9. A Party challenging the other party's designation of "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall comply with the following procedures:

a. <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

b. <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring in person or telephonically within 14 days

of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may seek judicial intervention only if it has first completed this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

   c. <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is later. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this paragraph must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by this paragraph.

  Frivolous designations or challenges, including without limitation those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Designating Party or Challenging Party, respectively, to sanctions. All parties shall continue to afford the material in question

the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

## FILING AND USE IN COURT OF DESIGNATED MATERIALS

10.     If confidential material is included in any papers to be filed with the court, such papers shall be accompanied by an application to file the papers, or the confidential portion thereof, under seal. The application must show good cause for the under-seal filing. The application shall be directed to the judge to whom the papers are directed. Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal.

## THIRD-PARTY REQUEST FOR DESIGNATED MATERIALS

11.     If any party receives a subpoena or document request from a third party which purports to require the production of materials in that party's possession which have previously been designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" by any other party to this action, the party receiving such subpoena or document request shall immediately: (a) timely notify the party who designated the materials as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" of the receipt of said subpoena or document request, and (b) shall not oppose any effort by the party which designated the material as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY" to quash the subpoena or obtain a protective order limiting discovery of such material.

## RETURN OR DESTRUCTION OF DESIGNATED MATERIALS

12. At the conclusion of this action, including any and all appeals, all documents, transcripts or other things or information designated as "CONFIDENTIAL" or "CONFIDENTIAL -- ATTORNEYS' EYES ONLY," and all copies thereof, that are in the possession of the parties or their attorneys shall be returned to the attorneys for the party furnishing the same, or shall be destroyed by the attorneys having such documents in their possession. In addition, all summaries or other materials containing or disclosing information contained in such documents, answers, transcripts or other things shall be destroyed at the conclusion of this litigation. This Order shall continue to be binding after the conclusion of this litigation.

IT IS SO ORDERED.

DATED:   December 17, 2015

*John E. McDermott*
Honorable John E. McDermott
United States Magistrate Judge